UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CHARLES RAYSHAWN SMITH,

                Petitioner,

v.                                        CASE NO. 10-12562
                                        HONORABLE MARIANNE O. BATTANI

MARY BERGHUIS,

                Respondent.

_____/

**ORDER**
**(1) GRANTING PETITIONER'S MOTION FOR EQUITABLE TOLLING,**
**(2) DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, AND**
**(3) DIRECTING RESPONDENT TO FILE**
**THE TRANSCRIPTS OF TRIAL AND SENTENCING**

This matter is pending before the Court on Petitioner's pro se habeas corpus petition under 28 U.S.C. § 2254 and Respondent's motion for summary judgment and dismissal of the petition. Respondent claims that the habeas petition is time-barred. Petitioner, however, has demonstrated in a motion for equitable tolling that mental illness prevented him from filing a timely habeas petition. Therefore, Petitioner's motion for equitable tolling will be granted and Respondent's motion for summary judgment and dismissal will be denied.

**I. Background**

Following a bench trial in Wayne County Circuit Count in 2006, Petitioner was found guilty of two counts of first-degree (felony) murder, Mich. Comp. Laws § 750.316, and one count of arson of a dwelling house, Mich. Comp. Laws § 750.72. On August 7,

2006, the trial court vacated the arson conviction and sentenced Petitioner to two concurrent terms of life imprisonment for the murder convictions. The Michigan Court of Appeals affirmed Petitioner's convictions, see People v. Smith, No. 272821 (Mich. Ct. App. Oct. 25, 2007), and on March 24, 2008, the Michigan Supreme Court denied Petitioner's application for leave to appeal. See People v. Smith, 746 N.W.2d 84 (Mich. 2008).

Petitioner signed his habeas corpus petition on February 10, 2010.[1] His grounds for relief are:

  I.   The competent evidence was not sufficient to overcome the presumption of innocence and establish an arson had been committed.

  II.  The evidence was not sufficient to establish Defendant had the necessary state of mind to be guilty of felony murder.

  III. The defendant's rights to due process were violated where the expert witness was not obtained until more than a year after the fire and did not have access to the scene of the crime.

  IV.  The trial judge improperly relied on hearsay testimony to establish the truth of the matter asserted.

  V.   The defendant's Sixth Amendment rights were violated by the testimony of the snitch, who allegedly elicited a confession from the defendant for the sole purpose of reporting it to the police and obtaining favorable treatment for himself.

Respondent argues in her motion for summary judgment and dismissal of the

---

[1] Although the petition was not filed with the Clerk of the Court until June 29, 2010, the Court deems the petition filed on the date that it was signed and submitted to prison officials for forwarding to the Court. See Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Brand v. Motley, 526 F.3d 921, 925 (6th Cir. 2008).

petition that Petitioner did not file his petition within one year, as required by 28 U.S.C. § 2244(d). Petitioner concedes that his habeas petition is time-barred, but he urges the Court to equitably toll the limitation period.

## II. Discussion

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The period of limitations runs from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner is not relying on a new and retroactive constitutional right (28 U.S.C. § 2244(d)(1)(C)) or on newly discovered facts (28 U.S.C. § 2244(d)(1)(D)), and he has not alleged that the State created an impediment to filing a timely application (28 U.S.C. § 2244(d)(1)(B)). Consequently, the only applicable subsection for determining when the statute of limitations began to run is 28 U.S.C. § 2244(d)(1)(A): "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

"Direct review," for purposes of subsection 2244(d)(1)(A) concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. Jimenez v. Quarterman, 555 U. S. 113, __, 129 S. Ct. 681, 685, 172 L. Ed. 2d 475 (2009). "Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence.'" Id., 129 S. Ct. at 685-86 (quoting Barefoot v. Estelle, 463 U.S. 880, 887, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Petitioner had ninety days from March 24, 2008, the date on which the Michigan Supreme Court denied his application, to file a petition for writ of certiorari in the United States Supreme Court. See Sherwood v. Prelesnik, 579 F.3d 581, 585 (6th Cir. 2009). Because he declined to do so, his conviction became final on June 22, 2008, when the time for seeking a writ of certiorari expired. Id. (citing Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000), and Lawrence v. Florida, 549 U.S. 327, 332-33, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007)). The one-year statute of limitations began to run on the following day, and it expired one year later on June 22, 2009. Petitioner signed his habeas petition more than seven months later on February 10, 2010. Because the limitation period ran more than a year, the habeas petition is time-barred, absent tolling.

Petitioner concedes that his habeas petition is untimely. He nevertheless urges the Court to equitably toll the limitation period on the basis of mental illness. Respondent did not file an answer to Petitioner's motion for equitable tolling, and the motion for summary judgment and dismissal does not address Petitioner's allegation of

4

mental illness.

## B. Equitable Tolling

"AEDPA's one-year statute of limitations is not jurisdictional . . . ." Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004). Therefore, "a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." Id. (citing Dunlap v. United States, 250 F.3d 1001, 1007 (6th Cir. 2001)). Equitable tolling applies "in appropriate cases." Holland v. Florida, __ U.S. __, __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005). When deciding whether equitable tolling should apply, courts in this Circuit evaluate the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.
>
> [Griffin v. Rogers, 399 F.3d 626, 635 (6th Cir. 2005)]. "These five factors 'are not comprehensive, nor is each of the five factors relevant in all cases.' " Id. "Instead, courts must consider equitable tolling on a 'case-by-case basis.' " Id.

Sherwood v. Prelesnik, 579 F.3d at 588.

## C. Application

Petitioner contends that he was ignorant of the filing requirement and lacked constructive knowledge of it. Even if Petitioner lacked actual knowledge of the statute

5

of limitations, "ignorance of the law alone is not sufficient to warrant equitable tolling." Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991). Therefore, Petitioner's "purported lack of actual or constructive knowledge does not make equitable tolling appropriate." Allen v. Yukins, 366 F.3d at 403.

Petitioner, however, also argues in favor of equitable tolling due to mental illness. He contends that he lacked the necessary mental competence to comply with the filing requirement.

Federal courts of appeal have held that, "for the mental incapacity of a petitioner to warrant equitable tolling of a habeas statute of limitations, the petitioner must demonstrate that the incompetence affected his or her ability to file a timely habeas petition." Robertson v. Simpson, 624 F.3d 781, 785 (6th Cir. 2010) (collecting cases). Petitioner states in an affidavit attached to his motion for equitable tolling that he was confined in segregation from March of 2008 to November 2008 and then transferred to a residential program for mental health treatment. He contends that, while he participated in the program, he was not permitted to visit the library or seek legal assistance. Petitioner also states in his affidavit that he received additional in-patient psychiatric care from February to May of 2009 and that he continued to receive mental health treatment from May of 2009 to November of 2009. Thereafter, he was transferred to Brooks Correctional Facility where he acquired legal assistance.

A psychiatrist's written assessment of Petitioner on August 13, 2009, confirms Petitioner's allegation of mental illness. The psychiatrist's report states that Petitioner's psychiatric history started in 1999 when he was diagnosed with bipolar disorder and schizophrenia. The psychiatrist's diagnosis of Petitioner on August 13, 2009, was

6

bipolar disorder with psychotic features. The written assessment states that Petitioner's disorder significantly impairs judgment, behavior, capacity to recognize reality, and the ability to cope with the ordinary demands of life. Although the psychiatrist's report was written approximately two months after Petitioner's habeas petition was due, the report states that Petitioner has a longstanding history of mental health problems and that he has a history of noncompliance with medications dating back to 1999.

The Court concludes from the psychiatrist's report and from Petitioner's affidavit that Petitioner suffered from mental illness during the time in question and that his mental illness constituted an extraordinary circumstance preventing him from filing a timely habeas petition. It appears, moreover, that he was diligent in pursuing his rights once he obtained assistance.

The Court therefore will toll the limitation period from November of 2008 when Petitioner allegedly was transferred to a residential mental health program to November of 2009 when he apparently was no longer a participant in a residential program and was able to acquire help with his habeas petition. Under this approach, the statute of limitations ran about seven or eight months: from June 22, 2008, when his conviction became final to November of 2008 when Petitioner was placed in a residential mental health program and from November 2009 when Petitioner acquired assistance to February 10, 2010, when he signed his habeas petition. With equitable tolling, the statute of limitations ran less than a year. Petitioner's motion for equitable tolling [Dkt. #2] is **GRANTED**, and Respondent's motion for summary judgment and dismissal [Dkt. #7] is **DENIED**.

Respondent is **ORDERED** to submit an answer to Petitioner's habeas claims and the transcripts of trial and sentencing within **fifty-six (56) days** of the date of this order.[2] Petitioner shall have **forty-five (45) days** from the date of Respondent's answer to file a reply.

s/Marianne O. Battani<br>
MARIANNE O. BATTANI<br>
UNITED STATES DISTRICT JUDGE

Dated: February 15, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner, John Smith, and Counsel for the Respondent via ordinary U.S. Mail and electronically.

s/Bernadette M. Thebolt<br>
Case Manager

---

[2] The items filed on January 7, 2011, consist of the preliminary-examination transcript and the appellate materials.